UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

---------------------------------------------------------------------------x

Burach Fogel,

              Plaintiff,                          C.A. No.: 7:26-cv-1198

      -against-                                  DEMAND FOR JURY TRIAL

NewRez LLC,
 d/b/a Shellpoint Mortgage Servicing;

              Defendant(s).

---------------------------------------------------------------------------x

## COMPLAINT

    Plaintiff Burach Fogel ("Plaintiff"), by and through his attorneys, and as for his Complaint against Defendant NewRez LLC, d/b/a Shellpoint Mortgage Servicing ("NewRez") respectfully sets forth, complains, and alleges, upon information and belief, the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

1

## PARTIES

4. Plaintiff is a resident of the State of New York in the County of Orange.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. NewRez is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 and may be served with process upon the Corporation Service Company, its registered agent for service of process in New York, located at 80 State Street, Albany, New York 12207.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### NewRez Dispute and Violation

8. Upon information and belief, on a date better known to the credit bureaus, Transunion, LLC, Equifax Information Services, LLC, and Experian Information Solutions, Inc. ("Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information relating to his NewRez account ending in **********7780 ("Account").

9. The inaccurate information furnished by NewRez and published by the Bureaus is inaccurate since the Account lists late payment notations.

10. It is materially misleading to mark the Plaintiff as late on his Account.

11. In January 2023, the Plaintiff applied and was approved for a forbearance program with the Defendant.

12. Shortly thereafter the Defendant retracted this offer and marked the Plaintiff late for the month of January 2023 before giving him the ability to make his regular payment.

13. Additionally. upon information and belief, Defendant NewRez improperly raised the Plaintiff's monthly mortgage payments to accommodate a higher tax being collected than the correct amount.

14. Plaintiff immediately contacted NewRez to clarify that this was not the correct tax amount to be incorporated into his mortgage payments, but NewRez did not adjust accordingly.

15. The Plaintiff continued to make his regular mortgage payments not including the improper higher amount, but ultimately the Defendant failed to accept his payments.

16. By NewRez reporting Plaintiff's Account as late to the Bureaus credit reports, Defendants give the false impression to potential lenders that Plaintiff intentionally missed monthly payments on his mortgage.

17. Plaintiff disputed the Account with the Bureaus in a letter dated May 6, 2025.

18. In his dispute he explained the context that surrounded the late payments and why they should be removed from his credit reports.

19. Upon information and belief, the Bureaus sent NewRez notice of Plaintiff's dispute.

20. Upon receipt of Plaintiff's dispute letters from the Bureaus, NewRez failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on Plaintiff's consumer reports with respect to the disputed Account.

21. Had NewRez conducted a reasonable investigation of the Plaintiff's dispute, it would have been revealed to NewRez that any missed payment from Plaintiff was the result of NewRez's improper behavior.

22. The Bureaus have been reporting this inaccurate information furnished and verified by b NewRez through the issuance of false and inaccurate credit information and consumer reports to various persons and credit grantors.

23. Potential credit grantors reviewed the Plaintiff's credit reports, as evidenced by soft and hard pulls on Plaintiff's credit reports.

24. Upon receipt of the disputes of the account from the Plaintiff, NewRez failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed Account.

25. NewRez violated 15 U.S. Code § 1681-s2 by failing to conduct a reasonable investigation and by continuing to report the inaccurate information with respect to the disputed Account.

26. Notwithstanding Plaintiff's efforts, Defendant continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

27. As a result of Defendant's failure to comply with the FCRA, Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## FIRST CAUSE OF ACTION
### (Willful Violation of the FCRA as to NewRez)

28. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

29. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

30. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

31. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

32. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

33. NewRez violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

34. As a result of the conduct, action and inaction of NewRez, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

35. The conduct, action and inaction of NewRez was willful, rendering NewRez liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

36. The Plaintiff is entitled to recover reasonable costs and attorney's fees from NewRez in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Burach Fogel, an individual demands judgement in his favor against NewRez in for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
(Negligent Violation of the FCRA as to NewRez)

37. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

38. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

39. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information in a consumer credit report.

40. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

41. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

42. NewRez is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

43. After receiving the dispute notices from the Bureaus, NewRez negligently failed to conduct its reinvestigation in good faith.

44. A reasonable investigation would require a furnisher such as NewRez to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

45. The conduct, action and inaction of NewRez was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

46. As a result of the conduct, action and inaction of NewRez, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

47. The Plaintiff is entitled to recover reasonable costs and attorney's fees from NewRez in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Burach Fogel, an individual, demands judgement in his favor against NewRez for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## **DEMAND FOR TRIAL BY JURY**

48. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this Complaint to which Plaintiff is or may be entitled to a jury trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

c) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

d) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681o(a)(2).

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: February 12, 2026                                   Respectfully Submitted,

/s/ *Rami Salim*
**Stein Saks, PLLC**
By: Rami Salim, Esq.
One University Plaza, Ste 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201)-282-6501
rsalim@steinsakslegal.com